```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

IRENE SMITH,

           Plaintiff,
v.                                    Case No. 8:21-cv-2472-VMC-JSS

COSTCO WHOLESALE CORPORATION
d/b/a COSTCO WHOLESALE and
ALAN PACK,

           Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On September 1, 2021, Plaintiff Irene Smith filed suit against Defendants Costco Wholesale Corporation and Alan Pack in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1-4). On October 21, 2021, Defendant Costco removed the case to this Court on the basis of diversity jurisdiction.[1] (Doc. # 1-1).

According to Smith's Complaint, she slipped and fell at a Costco store in Pompano Beach, Florida, sustaining injuries. (Doc. # 1-4 at ¶¶ 5-8, 28).

---

[1] The Court takes no position on the issues of whether diversity jurisdiction is proper or whether Plaintiff fraudulently joined Defendant Pack, as Costco alleges.

1

On October 22, 2021, this Court entered an order stating that transfer to the United States District Court for the Southern District of Florida may be proper under 28 U.S.C. § 1404(a) because that is where a substantial part of the events giving rise to the instant claim occurred. (Doc. # 3). Accordingly, the Court directed the parties to file a notice stating their positions as to which venue is most appropriate for this matter. (Id.).

Defendants responded that they have no objection to the transfer of this case to the Southern District of Florida and it was their position that the relevant factors weighed in favor of such transfer. (Doc. # 5). Smith did not file a response to the Court's order.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Ordinarily, "[t]o transfer an action under [S]ection 1404(a)[,] the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3)

2

a transfer is in the convenience of the witnesses and parties." i9 Sports Corp. v. Cannova, No. 8:10-cv-803-VMC-TGW, 2010 WL 4595666, at *3 (M.D. Fla. Nov. 3, 2010) (citation omitted).

The Section 1404 factors to be considered include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

As an initial matter, this action could have been brought in the Southern District of Florida because that is where the slip-and-fall at issue in this case occurred. See 28 U.S.C. § 1391 (providing that venue for a civil action is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Turning to the other factors, the Court agrees with Defendants that the emergence of taking depositions via Zoom videoconferencing and the remote nature of accessing most documents renders many of the relevant factors neutral. However, if an inspection of the premises were to take place, such inspection would take place in Broward County, which is in the Southern District.

The Court also agrees with Defendants that the locus of operative facts here lies in Broward County, which weighs heavily in favor of transfer to the Southern District. See Osgood v. Discount Auto Parts, LLC, 981 F. Supp. 2d 1259, 1265 (S.D. Fla. 2013)("The locus of operative facts weighs heavily in favor of transfer because the accident occurred in the Middle District of Florida.").

The factor that weighs most heavily against transfer is the Plaintiff's chosen forum. Generally, the plaintiff's choice of forum is given considerable deference. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration. Osgood, 981 F. Supp. 2d at 1267; see also Pac. Coast Marine

4

Windshields Ltd. v. Malibu Boats, LLC, No. 6:10-cv-1285-JA-DAB, 2011 WL 13142151, at *6 (M.D. Fla. Sept. 20, 2011) ("[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration."). Because the operative facts underlying this action did not take place in the Middle District of Florida, Plaintiff's decision to file the action in Hillsborough County "does not command a lot of deference." Osgood, 981 F. Supp. 2d at 1267.

Under these circumstances, transfer to the Southern District of Florida under Section 1404(a) is appropriate because (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. See i9 Sports Corp., 2010 WL 4595666, at *3.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to transfer this case to the United States District Court for the Southern District of Florida for all further proceedings and to thereafter close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE